UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJUE ADOLPHUS MCGHEE,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD BROOMFIELD, et al.,<br><br>  Defendants. | Case No. 20-cv-05135-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND; DENYING AS PREMATURE REQUEST TO EXCUSE EXHAUSTION REQUIREMENT; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 3, 5 |

  Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that SQSP officials violated his constitutional rights. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A. Standard of Review**

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

Plaintiff has named as defendants Warden Ronald Broomfield, retired Warden Ron Davis, correctional officer R. Jaime-Daumy, and correctional officer Wren. Dkt. No. 2. The complaint makes the following allegations. On June 23, 2019, plaintiff informed defendant Wren that he had outgoing legal mail. The mail was clearly marked as legal mail and was addressed to plaintiff's attorney, Richard Braucher of the First Appellate District Project in Oakland, California. Plaintiff handed the mail to defendant Wren who logged the mail. Defendant Jaime-Daumy grabbed the mail, opened the envelope, read the contents, and then asked why the Office of Administrative Law document was in the envelope. Plaintiff protested and defendant Jaime-Daumy asked, in an intimidating manner, if there was a problem. Plaintiff replied that the problem was defendant Jaime-Daumy reading his legal mail within eyesight of defendant Wren. Plaintiff asked defendant Wren if he saw what defendant Jaime-Dumay was doing. Defendant Wren then told defendant Jaime-Daumy that correctional officials may not read inmates' legal confidential mail. Defendant Jaime-Dumay responded that he did not care about plaintiff's legal mail or access to the courts bullshit, and that when he worked this dorm, he would read all outgoing mail. Defendant Jaime-

2

1   Dumay directed obscene jokes and abusive language to plaintiff with the intent of causing harm.

2   Dkt. No. 1 at 9-10, 12.

3         Plaintiff repeatedly informed prison staff that defendant Jaime-Dumay harassed him and treated him improperly, but defendant Davis, the warden at that time, failed to properly investigate plaintiff's allegations and or discipline the parties involved, and failed to properly train defendants Wren and Jaime-Daumy to not use unreasonable search and seizure procedures against prisoners who suffer from mental health issues and who have done nothing to justify the use of such procedures. Dkt. No. 1 at 12-13. As a result of defendants' actions, plaintiff suffers from emotional stress, depression, and paranoid schizophrenia, and requires treatment with psychotropic medications. Dkt. No. 1 at 13-14.

      Plaintiff filed a grievance regarding defendant Jaime-Dumay reading his confidential legal mail. This grievance was answered at the second level on July 15, 2019, but prison officers delayed returning the grievance to plaintiff until August 13, 2019 in order to prevent plaintiff from timely appealing the issue to the third and final level, which is required to exhaust administrative remedies. Plaintiff's third level appeal was denied as exceeding time limits. Dkt. No. 1 at 11-12.

## C.    Legal Claims

      Plaintiff alleges that his rights under the First, Fourth, Sixth and Fourteenth Amendments were violated by defendants when (1) they either read, or allowed defendant Jaime-Daumy to read, plaintiff's confidential legal mail on June 23, 2019, and (2) when defendant Jaime-Daumy intimidated, abused, and harassed him. Plaintiff alleges that these actions constituted an unreasonable search and seizure, denied him his compulsory process of witness, denied him attorney-client privilege, and constituted "unlawful malfeasance."

      Liberally construed, plaintiff's allegation that defendant Jaime-Daumy read legal mail addressed to his appellate counsel and that defendant Wren allowed it states cognizable First, Sixth, and Fourteenth Amendment claims. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211-12 (9th Cir. 2017) (recognizing that courts have analyzed claims regarding confidentiality of attorney-inmate communications under various constitutional principles, including First Amendment right to freedom of speech, and Fourteenth Amendment right to due process and

access to courts, or some combination thereof); *Nordstrom v. Ryan*, 762 F.3d 903, 909-11 (9th Cir. 2014) (prisoner's allegation that prison officials read his legal mail interfering with his right to consult privately with counsel states a Sixth Amendment claim); *cf. Mangiarcina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) ("we have recognized that prisoners have a Sixth Amendment right to confer privately with counsel and that the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right").

Plaintiff has not stated a cognizable Fourth Amendment claim. It is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. *See Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984); *cf. Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pre-trial detainee has no reasonable expectation of privacy in cell; no Fourth Amendment violation when inmate not present during search of legal materials). Plaintiff's claim regarding defendant Jaime-Daumy reading his legal mail is more appropriately considered under the First, Sixth, or Fourteenth Amendment.

Plaintiff's allegations regarding defendant Jaime-Daumy's harassment, abuse and intimidation fail to state a cognizable § 1983 claim and are DISMISSED with prejudice. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

Defendants Broomfield and Davis are DISMISSED from this action with leave to amend. Plaintiff alleges that defendants Broomfield and Davis are liable because they failed to investigate his allegations against defendant Jaime-Daumy, they failed to discipline defendants Jaime-Daumy and Wren, they failed to properly train their subordinates, and because they are "bonding parties" who finance all custody officers and accordingly have a conflict of interest. Knowledge and

4

1  acquiescence of a subordinate's misconduct is insufficient to establish liability; each government
2  official is only responsible for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662,
3  677 (2009). Accordingly, failure to investigate allegations of misconduct and failure to discipline
4  after the constitutional violation occurred generally do not establish supervisory liability.
5  Similarly, control over the employment of the alleged wrongdoer does not establish supervisory
6  liability.

7  When a named defendant holds a supervisory position, the causal link between the
8  supervisory defendant and the claimed constitutional violation must be specifically alleged. *See*
9  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim for relief under Section 1983
10 against a supervisor defendant, plaintiff must allege some facts that would support a claim that (1)
11 the supervisor defendant proximately caused the deprivation of rights of which plaintiff
12 complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor
13 defendant failed to properly train or supervise personnel resulting in the alleged deprivation,
14 *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the
15 alleged deprivation resulted from custom or policy for which the supervisor defendant was
16 responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to
17 act to prevent future misconduct, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and
18 conclusory allegations concerning the involvement of supervisory personnel in civil rights
19 violations or the failure to train or supervise are not sufficient to state a claim. *Cf. Ivey v. Board of*
20 *Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Because it appears possible that plaintiff may be able
21 to correct this deficiency, the Court will dismiss defendants Broomfield and Davis from this action
22 with leave to amend the claims against them, if plaintiff can truthfully do so. *See Lopez v. Smith*,
23 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir.
24 2003).

**D.  Pending Motions**

**1.  Plaintiff's Request that the Court Excuse the Exhaustion Requirement**

Plaintiff has filed a motion titled "Letter of Request for Motion to Proceed with
Complaint/Claim for the Failure to Respond to Administrative Appeals Within 60 days by Law."

1  Dkt. No. 3. Plaintiff alleges that prison officials have prevented him from exhausting his
2  administrative remedies by failing to respond to his administrative grievances within the time
3  required by prison regulations, thereby rendering his third-level appeal, required for exhaustion,
4  untimely. He requests that the Court find that his administrative remedies have been rendered
5  unavailable and that he be excused from the exhaustion of administrative remedies requirement.
6  Dkt. No. 3. The Court construes this motion as a request that the Court excuse the exhaustion
7  requirement. Plaintiff's request is DENIED as premature. Whether administrative remedies have
8  been exhausted or are unavailable is a legal determination that cannot be made at this point in the
9  litigation on the record currently before the Court.

### 2.     Request for Appointment of Counsel

Plaintiff has requested that the Court appoint him counsel because he is unable to afford counsel; because his incarceration greatly limits his ability to litigate; because the issues involved are complex and require significant research and investigation; because he has limited access to the law library and limited understanding of the law; and because a trial would involve conflicting testimony and an attorney would be better able to present evidence and cross-examine witnesses. Dkt. No. 5.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither

6

the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel not enough).

At this early stage of the litigation, the likelihood of plaintiff's success on the merits is unclear; plaintiff has ably prosecuted this case thus far; and the claims articulated are not particularly complex. Plaintiff's motion requesting appointment of counsel is DENIED for lack of exceptional circumstances. Dkt. No. 5. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff's request that the Court excuse the exhaustion requirement is DENIED as premature. Dkt. No. 3. Plaintiff's request that the Court appoint him counsel is DENIED without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment. Dkt. No. 4.

2. Liberally construed, the complaint states cognizable First, Sixth, and Fourteenth Amendment claims against defendants Jaime-Daumy and Wren. Plaintiff's claims regarding defendant Jaime-Daumy's harassment, abuse and intimidation are DISMISSED with prejudice. Defendants Broomfield and Davis are dismissed from this action with leave to amend.

3. If plaintiff wishes to file an amended complaint, he shall do so within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-05135 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all

the claims he wishes to present, including the claims already found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered serve below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in the complaint docketed at Dkt. No. 1 remaining the operative complaint and the dismissal of defendants Broomfield and Davis.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendants R. Jaime-Daumy and A. Wren at San Quentin State Prison, Main Street, San Quentin CA 94964**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

5. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

8

1              b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

              c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      6.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

      7.      All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to

1 defendants, but once defendants are represented by counsel, all documents must be mailed to
2 counsel rather than directly to defendants.

3     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
5 before the parties may conduct discovery.

6     9.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
7 Court informed of any change of address and must comply with the Court's orders in a timely
8 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
9 to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
10 pending case every time he is moved to a new facility.

11     10.    Any motion for an extension of time must be filed no later than the deadline sought
12 to be extended and must be accompanied by a showing of good cause.

13     11.    Plaintiff is cautioned that he must include the case name and case number for this
14 case on any document he submits to the Court for consideration in this case.

15 This order terminates Dkt. Nos. 3, 5.

16 **IT IS SO ORDERED.**

17 Dated: 9/28/2020

18 _____
19 HAYWOOD S. GILLIAM, JR.
United States District Judge