UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJUE ADOLPHUS MCGHEE,<br>    Plaintiff,<br>v.<br>R. JAIME-DAUMY, et al.,<br>    Defendants. | Case No. 20-cv-05135-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that while he was housed at San Quentin State Prison ("SQSP"), SQSP officers Jaime-Daumy and Wren violated his constitutional rights. For the reasons set forth below, the Court DISMISSES this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.      Background**

On August 11, 2020, Plaintiff informed the Court that he had moved to an unspecified motel in Oakland, California, and did not provide the Court with a specific address at which he could be reached, as required by Northern District Civil Local Rule 3-11. Dkt. No. 7.

On September 28, 2020, the Court screened the complaint. The Court found that the complaint stated cognizable First, Sixth, and Fourteenth Amendment claims against defendants Jaime-Daumy and Wren, dismissed with prejudice Plaintiff's claims regarding defendant Jaime-Daumy's harassment, abuse and intimidation, and dismissed defendants Broomfield and Davis from this action with leave to amend. Dkt. No. 8. The Court cautioned Plaintiff that failure to file an amended complaint by October 26, 2020, would result in the complaint docketed at Dkt. No. 1 remaining the operative complaint and the dismissal of defendants Broomfield and Davis. Dkt.

No. 8 at 7-8. Plaintiff did not file an amended complaint. On January 7, 2021, the Court dismissed defendants Broomfield and Davis from this action, and ordered defendants Jamie-Daumy and Wren to file their dispositive motion by April 27, 2021. Dkt. No. 13 at 1-2. In that same order, the Court ordered Plaintiff to, by February 4, 2021, provide the Court with a current address at which he could be reached. Dkt. No. 13 at 2. Plaintiff was warned that the failure to provide a current address could result in dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The deadline to provide a current address has passed, and Plaintiff has not provided a current address at which he can be reached or otherwise communicated with the Court. Plaintiff's last communication with the Court was docketed on August 11, 2020. Dkt. No. 7.

## II.     Legal Standard

It is well established that a district court has the authority to dismiss an action because of a plaintiff's failure to comply with court orders or because of a plaintiff's failure to prosecute an action. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of actions on their merits; and (5) the availability of less drastic sanctions.[1] *See id.*; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992) (applying these factors where plaintiff failed to comply with court orders). A Rule 41(b) dismissal must also be supported by a showing of unreasonable delay. *Id.*

All five factors weigh in favor of dismissal.

The first two factors – the public's interest in expeditious resolution of the litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not

---

[1] A district court must afford the litigant prior notice of its intention to dismiss. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019) (citing to *Olivia v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992)). The Court provided Plaintiff with prior notice of its intent to dismiss in its January 7, 2021 order (Dkt. No. 13), to which Plaintiff did not respond.

communicated with the Court since August 11, 2020.  Plaintiff has not litigated this action diligently, and his action thus far suggest that he is unlikely to do so.  The Court is unable to reach Plaintiff because no contact information has been provided.  Plaintiff's conduct prevents the Court from expeditiously moving this case toward disposition, thereby preventing the Court from managing its docket.

The third factor — prejudice to defendants — also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently, which may be rebutted when a plaintiff proffers an excuse for delay.  *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  Plaintiff has failed to come forward with any excuse or reason for his failure to provide the Court with a current address or otherwise prosecute this case.  Requiring Defendants to conduct discovery and file a dispositive motion which cannot be served on Plaintiff constitutes prejudice.

The fourth factor — public policy in favor of deciding cases on their merits —also weighs in favor of dismissal.  Simply put, if Defendants and the Court are unable to reach Plaintiff, this case cannot be decided on the merits.

Finally, the fifth factor — availability of less drastic sanctions — weighs in favor of dismissal.  The Court is dismissing this case without prejudice to reopening if Plaintiff can demonstrate good cause for his failure to prosecute.  Moreover, given that Plaintiff has not responded to the Court's last order, no lesser sanction is available.  *See Fellows v. Hartley*, 2010 WL 1335393, at *2 (E.D. Cal. 2010) (given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *Carey*, 856 F.2d at 1441.

Finally, here, the delay in prosecuting this action is unreasonable.  Plaintiff filed this action in July 2020, but has not communicated with the Court since August 2020.

Having carefully considered all five factors and in light of the unreasonable delay, the Court concludes that dismissal for failure to prosecute and for failure to respond to the Court's order is appropriate.  *Cf. Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through

3

the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") (affirming dismissal of case without prejudice where plaintiff failed to advise court of change in address).  The Court DISMISSES this action without prejudice. Any motion requesting that the Court reopen this case must show good cause for the failure to prosecute.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice for failure to prosecute and for failure to respond to the Court's order, pursuant to Fed. R. Civ. P. 41(b).  The Clerk shall enter judgment in favor of Defendants, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: 3/22/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge