1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7      TIJUE ADOLPHUS MCGHEE,                Case No. 20-cv-05135-HSG

8                 Plaintiff,                 **ORDER DENYING REQUEST TO
                                             REOPEN**
9            v.
                                             Re: Dkt. No. 24
10     R. JAIME-DAUMY, et al.,

11                Defendants.

12

13          Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 against San Quentin State

14   Prison ("SQSP") officers Jaime-Daumy and Wren.  On March 22, 2021, the Court dismissed this

15   case for failure to prosecute.  Dkt. No. 16.  Now pending before the Court is Plaintiff's request to

16   reopen this action.  Dkt. No. 24.  For the reasons set forth below, this request is DENIED.

17                                  **DISCUSSION**

18   **I.      Procedural History**

19          On or about July 27, 2020, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983.

20   Dkt. No. 1.  On September 28, 2020, the Court found that the complaint's allegation that SQSP

21   officer Jaime-Daumy read Plaintiff's legal mail that was addressed to his appellate counsel, and

22   that SQSP officer Wren allowed it, stated cognizable First, Sixth, and Fourteenth Amendment

23   claims.  Dkt. Nos. 1, 8.  On March 22, 2021, the Court dismissed this action and entered judgment

24   in favor of Defendants pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to

25   respond to the Court's January 7, 2021 Order ordering Plaintiff to provide the Court with an

26   updated address where he could be reached.  Dkt. Nos. 16, 17.[1]  The Court dismissed the action

27

28   _____
     [1] In the Order of Dismissal, the Court noted that Plaintiff had not communicated with the Court
     since August 11, 2020.  Dkt. No. 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    without prejudice to reopening if Plaintiff could demonstrate good cause for the failure to

2    prosecute.  Dkt. No. 16 at 3.  On September 6, 2022, Plaintiff filed a request for judgment in his

3    favor, which the Court denied as moot on September 14, 2022, noting that judgment had already

4    been entered in favor of Defendants.  Dkt. No. 21.  The Court also informed Plaintiff that to the

5    extent that he was seeking to reopen this case, he was required to demonstrate good cause for

6    failing to prosecute this action from August 11, 2020 to September 6, 2022.  Dkt. No. 21.

7    **II.      Motion to Reopen**

8           Plaintiff has filed a pleading titled "Reply to the Court for Reopening of Dismissed Action

9    without Prejudice Good Cause to be Determined by Hon. Judge Haywood S. Gilliam Jr.," which

10   the Court construes as a request to set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(6) and

11   reopen this action.[2]  Dkt. No. 24.  For the reasons set forth below, the Court DENIES this request.

12          **A.      Legal Standard**

13          "[Fed. R. Civ. P. 60(b)(6)] has been used sparingly as an equitable remedy to prevent

14   manifest injustice and is to be utilized only where extraordinary circumstances prevented a party

15   from taking timely action to prevent or correct an erroneous judgment."  *United States v.*

16   *Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (internal quotations omitted).  Thus, to reopen a

17   case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control

18   that prevented him from proceeding in a proper fashion."  *Id.* (internal quotations omitted); *see,*

19   *e.g., id.* at 1160-61 (finding plaintiffs entitled to relief under Rule 60(b)(6) because tribal non-

20   recognition was extraordinary circumstance beyond their control which prevented them from

21   proceeding in proper fashion).  In considering whether to grant a Rule 60(b)(6) motion, the

22   following factors may be relevant to the analysis: (1) whether the plaintiff has made a showing of

23   extraordinary circumstances, such as a change in intervening law; (2) whether the petitioner

24   exercised diligence in pursuing the issues; (3) interest in finality; (4) delay between the finality of

25

26   _____

27   [2] Plaintiff has attached to his motion a habeas corpus petition that he wishes to file, which names
     the Oakland Police Department as a respondent, and seeks to challenge a 1993 conviction which
     resulted in a 9-month sentence.  *See* Dkt. No. 24 at 14-30.  This action is a Section 1983 civil

28   rights action against defendants SQSP officers Jaime-Daumy and Wren.  If Plaintiff wishes to
     challenge his state court conviction, he should bring a separate action.

1    the judgment and the motion for Rule 60(b)(6) relief; and (5) degree of connection between the

2    extraordinary circumstance and the decision for which reconsideration is sought.[3]  *See Henson v.*

3    *Fidelity Nat'l Financial, Inc.*, 943 F.3d 434, 440 (9th Cir. 2019) (factors set forth in *Phelps v.*

4    *Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009), which considered Fed. R. Civ. P. 60(b)(6) relief in

5    the context of habeas proceedings, are also relevant in civil rights context).  The Court must

6    consider all of the relevant circumstances surrounding the specific Rule 60(b)(6) motion.  *Id.*

7    **B.      Analysis**

8    Plaintiff argues that the following facts constitute good cause for failure to prosecute this

9    action from August 11, 2020 to September 6, 2022.  During this time period, Plaintiff deliberately

10   engaged off and on in heavy drug use, causing him to be become unhoused and cycle in and out of

11   temporary housing and correctional facilities; Plaintiff suffered health issues from unknowingly

12   using crack cocaine that was laced with fentanyl and contracting a bacterial infection from

13   scraping his knee on San Francisco's bacteria-infested streets; Plaintiff's property, including his

14   legal documents, was stolen, confiscated, or otherwise made unavailable to him; and Plaintiff

15   engaged in petty crime ("boosting" from stores) to get money.  *See generally* Dkt. No. 24.

16   Applying the *Phelps* factors listed above, the Court finds that Plaintiff has not shown the

17   required "extraordinary circumstances" or "manifest injustice" necessary to set aside a judgment

18   under Fed. R. Civ. P. 60(b)(6).

19   The first and second factors – showing of extraordinary circumstances and diligence in

20   pursing this action – weigh against Plaintiff.  Plaintiff has not made a showing of either

21   extraordinary circumstances or diligence.  His failure to prosecute this case was due to his

22   deliberate decisions to engage in drug use and in actions that resulted in incarceration.  *See, e.g.,*

23   Dkt. No. 24 at 2-3 (reporting that he received the Court's January 7, 2021, told himself he had to

24   get it done, placed the document in his backpack, and then "went on with [his] day using drugs

25   'crack' and trying to figure out a way to gain money with[out] committing any felonys (sic)").

26   The third and fourth factors – interest in finality and delay between the finality of the

27

28   [3] *Henson* lists a sixth factor to consider, comity, but this factor is only applicable in cases
     involving a federal habeas petition that challenges a state conviction.  *Henson*, 934 F.3d at 453.

United States District Court
Northern District of California

3

1    judgment and this motion – also weigh against Plaintiff.  Nearly two years have passed since this

2    case was closed.

3            The fifth factor – degree of connection between the extraordinary circumstance and the

4    decision for which reconsideration is sought – is neutral.  The alleged extraordinary circumstances

5    – using drugs, being incarcerated, and lacking access to his legal documents – are the reasons that

6    Plaintiff seeks to reopen this action.  But because these alleged extraordinary circumstances were

7    the product of Plaintiff's voluntary choices, i.e. he caused the circumstances that allegedly made it

8    difficult to prosecute the case, they do not weigh in favor of reopening the case.

9            Weighing all the relevant factors together and evaluating the circumstances of this case, the

10   Court concludes that Plaintiff has not established "both injury and circumstances beyond his

11   control that prevented him from proceeding in a proper fashion."  *Washington*, 394 F.3d at 1157.

12   The Court therefore DENIES Plaintiff's request to vacate the judgment pursuant to Fed. R. Civ. P.

13   60(b)(6) and reopen the case.

## CONCLUSION

15           For the reasons set forth above, the Court DENIES Plaintiff's request to vacate the

16   judgment pursuant to Fed. R. Civ. P. 60(b)(6) and reopen the case.  Dkt. No. 24.  The case remains

17   closed.

18           Plaintiff has indicated an intent to challenge his 1993 state court conviction and sentence.

19   Dkt. No. 24 at 14-30.  This action is a Section 1983 civil rights action against defendants SQSP

20   officers Jaime-Daumy and Wren.  If Plaintiff wishes to challenge his 1993 state court conviction,

21   he should file a separate petition for a writ of habeas corpus.  The Clerk is directed to send

22   Plaintiff two copies of the form petition for a writ of habeas corpus.

23           This case remains closed.

24           **IT IS SO ORDERED.**

25   Dated:   2/7/2023

26

27   HAYWOOD S. GILLIAM, JR.
     United States District Judge

28

4